Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00604-CR

Ellen M. **CORLETTE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 293389
Honorable Karen Crouch, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  July 27, 2011

AFFIRMED

Appellant Ellen Corlette appeals her conviction for driving while intoxicated.  Her sole issue on appeal is that the trial court erred by admitting into evidence the blood alcohol content results from a medical blood test.  We affirm the trial court's judgment.

### BACKGROUND

On the night of August 7, 2008, Corlette was involved in an automobile accident in which she knocked over a telephone pole.  Corlette's car was mangled and she had to be cut

from the vehicle. EMS arrived on the scene and began treating her injuries. While Corlette was in the EMS vehicle, San Antonio Police Deputy Jason Stanzione, who had been dispatched to the scene, started asking Corlette questions about the accident.

Deputy Stanzione asked Corlette what had happened, and she responded that she did not know. He smelled a strong odor of alcohol on her breath. Deputy Stanzione also noticed Corlette becoming argumentative and combative toward EMS personnel and that her speech was slurred. EMS personnel determined that Corlette needed to be airlifted to the hospital due to her injuries. Deputy Stanzione followed up with Corlette at the hospital after medical staff completed their assessment. Corlette could not remember how she arrived at the hospital or whether or not she was in a car accident. Deputy Stanzione also asked her if she had been drinking, and she responded that she had imbibed Long Island Iced Teas. Believing that she was intoxicated, Deputy Stanzione requested her consent to take a blood sample, but Corlette refused. However, hospital personnel tested Corlette's blood as part of her medical treatment, and the results indicated that her blood alcohol concentration exceeded the legal limit.

The State prosecuted Corlette for driving while intoxicated, and she moved to suppress the results of the medical blood test, arguing that the State failed to properly establish the chain of custody of her blood sample. The trial court denied Corlette's motion on the condition that the State established the necessary predicate. The trial court ultimately admitted the results of the blood test and, after trial, the jury convicted Corlette of driving while intoxicated. Corlette appeals.

## ADMISSION OF RESULTS OF THE MEDICAL BLOOD TEST

We review a trial court's admission of evidence for an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g); *Burkett v. State*, 179

S.W.3d 18, 34 (Tex. App.—San Antonio 2005, reh'g overruled). We will not reverse a trial court's ruling on the admissibility of evidence if it is within the zone of reasonable disagreement. *Rachal v. State*, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996); *Montgomery*, 810 S.W.2d at 391.

Under Texas Rule of Evidence 901, the State must establish a proper chain of custody to admit the results of a blood test. *See Dossett v. State*, 216 S.W.3d 7, 17 (Tex. App.—San Antonio 2006, pet. ref'd); *Avila v. State*, 18 S.W.3d 736, 739 (Tex. App.—San Antonio 2000, no pet.). "Proof of the beginning and end of a chain of custody will support the admission of the evidence in the absence of any evidence of tampering or alteration." *Dossett*, 216 S.W.3d at 17. "[G]aps or theoretical breaches in the chain of custody do not affect the admissibility of the evidence, absent affirmative evidence of tampering or commingling." *Dossett*, 216 S.W.3d at 17; *Avila*, 18 S.W.3d at 39. At a very minimum, Rule 901 requires that there be sufficient evidence to satisfy the trial court that the item in question is what the State claims it to be. *Brown v. State*, No. 04-09-00372-CR, 2010 WL 2772488, at \*4 (Tex. App.—San Antonio July 14, 2010, no. pet.) (mem. op., not designated for publication); *Dossett*, 216 S.W.3d at 21. A trial court does not abuse its discretion by admitting evidence from which a reasonable juror could find that the evidence has been authenticated. *Pondexter v. State*, 942 S.W.2d 577, 586 (Tex. Crim. App. 1996); *Avila*, 18 S.W.3d at 739.

Corlette's only contention is that the State failed to establish the beginning of the chain of custody and, thus, there is no evidence that the blood tests were performed on her blood sample. We disagree. Judy Lynch, the nurse at the hospital who discharged Corlette, testified to the hospital's standard procedures for drawing and testing blood. She testified that blood is drawn from a patient and transferred to tubes, which are labeled with the patient's identification number, and then the tubes are taken to the lab for testing. Lynch stated the importance of

ensuring the proper identity of the patient, explaining that the blood tests determine the proper treatment and medications to give to a patient. She testified that during the fifteen years that she worked at the hospital, the protocol had remained the same. Lynch then referred to Corlette's medical records, particularly, a nurse's note recording that Dr. Erin Flaherty ordered blood tests for Corlette and that Corlette's blood was drawn at 11:40 pm. Another medical record, a Patient Visit Report, shows the results of blood tests recorded under Corlette's hospital profile. The levels were recorded at 259 milligrams per deciliter, which, according to the testimony of Medical Examiner J. Rod McCutchin, was equivalent to a 0.22 blood alcohol concentration level. Based on the record, there is sufficient evidence of the beginning of the chain of custody so that we cannot say that the trial court abused its discretion. *See Torres v. State*, No. 04-07-00522-CR, 2009 WL 89695, at *4–5 (Tex. App.—San Antonio Jan. 14, 2009, pet. ref'd) (mem. op., not designated for publication) (holding that evidence of established, routine procedures for medical blood tests, in the absence of any evidence that the procedures were not followed, is sufficient grounds for the trial court to admit the results of the medical blood test); *Durrett v. State*, 36 S.W. 3d 205, 210 (Tex. App.—Houston [14th Dist.] 2001, no pet.). We hold that the trial court did not abuse its discretion in admitting the blood test results.

### CONCLUSION

Overruling Corlette's sole issue, we affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH